```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ROBERT D. GINSBERG,                 :
                    Plaintiff,      :    07 Civ. 365 (CSH)(HBP)
    -against-                       :    MEMORANDUM OPINION
                                         AND ORDER
GOVERNMENT PROPERTIES TRUST INC.,   :
                    Defendant.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to supplement briefly my remarks on the record on February 22, 2008 denying plaintiff's application to compel Thomas D. Peschio and James Okell to appear within the District for their depositions.

There appears to be no dispute that Government Properties Trust Inc. ("GPT") is no longer a going concern as a result of its merger with Record Realty (US) LLC ("Record US") nor does there appear to be any dispute that Peschio and Okell are former officers or managing agents of GPT. Prior to the merger, GPT's principal office was in Omaha, Nebraska. It further appears that Record US has no office from which it conducts business although it does use the New York office of AllCapital (US) LLC ("AllCapital") as a mail drop. There also appears to be no dispute that although AllCapital has some indirect relationship with Record US, it is not a parent of Record US, nor does it

appear to share a common owner with Record US. Both prior and subsequent to the merger, Peschio and Okell performed their work in Omaha. Finally, no showing has been made that either Record US or AllCapital is the alter ego of the other.

Plaintiff, citing the presence of AllCapital in New York and Record US's use of AllCapital's New York address as a mail drop, seeks to have Peschio and Okell appear in New York for their depositions.

For many years, courts routinely held that an individual who was a former officer, director or managing agent of a corporate party was not subject to being deposed by way of a notice of deposition and could only be deposed as a non-party witness, by way of subpoena. See e.g., JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 220 F.R.D. 235, 238 (S.D.N.Y. 2004); Cameo-Parkway Records, Inc. v. Premier Albums, Inc., 43 F.R.D. 400, 401 (S.D.N.Y. 1967); County Nat'l Bank v. United States Fid. & Guar. Co., 41 F.R.D. 293, 293 (S.D.N.Y. 1966); Mitchell v. American Tobacco Co., 33 F.R.D. 262, 263 (M.D. Pa. 1963); Kolb v. A.H. Bull S.S. Co., 31 F.R.D. 252, 254 (S.D.N.Y. 1962); see generally Fed.R.Civ.P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." (emphasis added)). More recently, some courts, have applied a

more lenient standard and permitted former officers, directors and managing agent to be deposed by way of a notice of deposition where it was shown that the individual's interests were still aligned with those of the corporate party and the individual still maintained a close relationship with the corporate party. See United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 414 (S.D.N.Y. 1994). Neither the party's research, nor my own, has disclosed any authorities addressing how the more lenient standard is to be applied where, as here, the corporate party has ceased to be a going concern as a result of a merger or other similar corporate transaction and the individuals whose depositions are sought are not officers, directors of managing agents of the successor entity.

If the merger had not occurred and Peschio and Okell had continued to be officers, directors or managing agents of GPT, their depositions would have been conducted in Omaha, where they worked and where GPT had its principal office. Thus, the issue is, should that result change as a result of the fortuitous[1] corporate transaction. I conclude that it should not.

It is well established that corporations are distinct legal entities, that a corporation is distinct from its affili-

---

[1] Plaintiff makes no claim that any corporate transaction occurred for the purpose of depriving him of the ability to depose Peschio and Okell by way of a notice of deposition.

ates and that a parent is distinct from a subsidiary. Thus the presence of a corporation in a jurisdiction does not, without more, imply the presence of an affiliate, subsidiary or parent. See generally Port Chester Elec. Constr. Co. v. Atlas, 40 N.Y.2d 652, 657, 357 N.E.2d 983, 987, 389 N.Y.S.2d 327, 331 (1976); Longshore v. Paul Davis System of Capital Dist., 304 A.D.2d 964, 965, 759 N.Y.S.2d 204, 206 (3rd Dep't 2003); Lou Atkins Castings, Inc. v. M. Fabrikant & Sons, Inc., 216 A.D.2d 111, 112, 628 N.Y.S.2d 98, 99 (1st Dep't 1995). Thus, AllCapital's presence in New York is not tantamount to the presence of any subsidiary or affiliate in New York. I do not believe that Record US's use of AllCapital's New York address as a mail drop changes this result. One entity's use of another's address for the receipt of mail is simply too tenuous a connection on which to conclude that the two are, in fact, a single entity. It simply does not imply the disregard of corporate formalities ordinarily required for a court to pierce the corporate veil or to find one corporation responsible for the acts of another. Accordingly, there is no basis to conclude that Record US has a place of business in New York.

If Record US -- the apparent successor to GPT -- has no presence in New York, there is no basis whatsoever for compelling Peschio and Okell to be appear in New York for to be deposed. Even if I make the extremely generous assumption that Record US,

as the corporate successor, stands in the shoes of GPT for purposes of applying the discovery provisions of the Federal Rules of Civil Procedure and further assume that Peschio and Okell's relationship with Record US is sufficient under United States v. Afram, supra, to permit them to be deposed as officers, directors or managing agents of GPT,[2] there still is simply no connection with this District. Counsel for both sides proffered at oral argument that Record US has no office for the transaction of business. Since there is no District associated with the Record US's business that might be an appropriate venue for the Peschio and Okell depositions, it appears that the most appropriate alternative is that they be deposed where they work and reside, namely Omaha, Nebraska.

Accordingly, for the reasons stated on the record in open court and the additional reasons set forth herein, plain

---

[2] I emphasize that in reaching my ruling here, I am making assumptions -- not findings -- about the relationship of Record US to GPT and the relationships of Peschio and Okell to Record US. I am not making any determination as to the admissibility of their testimony against GPT pursuant to Fed.R.Civ.P. 32(a)(3).

5

tiff's application to compel Peschio and Okell to appear for depositions in this District is denied.

Dated: New York, New York
February 29, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Bradley Rank, Esq.
Tashjian & Padian
15 West 36th Street
New York, Ne York 10018

William B. Igoe, Esq.
Ballard Spahr Andrews & Ingersol, LLP
51st Floor
1735 Market Street
Philadelphia, Pennsylvania 19103-7599